# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0705, <u>Gail Kelley v. Town of Durham</u>, the court on October 2, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The plaintiff, Gail Kelley, appeals an order of the Superior Court (<u>Howard</u>, J.) upholding a decision of the planning board for the defendant, the Town of Durham, to grant subdivision approval and conditional use permits in support of the applicants' plan to construct an age-restricted housing development.  The plaintiff argues that the trial court erred by upholding the board's finding that there is no practical alternative to the proposed access road for the planned development that would minimize disturbance to a wetland conservation overlay district.  We affirm.

Judicial review of planning board decisions is limited.  <u>See</u> <u>Trustees of Dartmouth Coll. v. Town of Hanover</u>, 171 N.H. 497, 504-05 (2018).  The trial court is required to treat the board's factual findings as <u>prima</u> <u>facie</u> lawful and reasonable, and it may not set the board's decision aside absent unreasonableness or an identified error of law.  <u>Id</u>. at 504.  It is the burden of the party challenging the board's decision to persuade the trial court that, by the balance of probabilities, the board's decision was unreasonable.  <u>Id</u>.  The trial court's role is not to determine whether it agrees with the board's findings, but whether there is evidence upon which such findings reasonably could have been based.  <u>Id</u>.  We, in turn, will reverse the trial court's decision only if it is unsupported by the evidence or legally erroneous.  <u>Id</u>.  We review the trial court's order to determine whether a reasonable person could have reached the same decision as the trial court based on the evidence before it.  <u>Id</u>.

It is the plaintiff's burden on appeal to demonstrate reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiff's arguments, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not established that the trial court's decision is unsupported by the evidence or legally erroneous.  <u>See id</u>.; <u>Trustees of Dartmouth Coll.</u>, 171 N.H. at 504.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**
